UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBIE HERRING,

     Plaintiff,

                                  CASE NO:

v.

SELECT REHABILITATION, LLC,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, Debbie Herring, by and through undersigned counsel, brings this action against Defendant, Select Rehabilitation, LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

     1.    This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601, *et. seq.*; the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, *et. seq.*; and the Florida Civil Rights Act of 1992, as amended ("FCRA"), § 760.01 Florida Statutes, *et. seq.* (2023).

     2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2601, *et. seq.*

     3.    Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred within its jurisdiction.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida, and she worked in Pinellas County, Florida.

5.      Defendant operates a rehabilitation company based in Cook County, Illinois. Defendant assigned Plaintiff to work at a rehabilitation facility in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant. Plaintiff experienced discrimination and retaliation from Defendant due to her disability and/or being regarded as such, contravening the ADA and FCRA. Plaintiff also faced interference with her FMLA rights and retaliation for asserting these rights.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant under the ADA.  42 U.S.C. § 12111(4).

8.      At all times material hereto, Plaintiff was a qualified "person" or "individual" under the FCRA.  Fla. Stat. § 760.02(6).

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.  42 U.S.C. § 12111(5); Fla. Stat. § 760.02(7).

10.      Plaintiff worked at least 1,250 hours in the twelve (12) months preceding her request for leave under the FMLA. Thus, at all times material hereto,

2

Plaintiff was an "eligible employee" within the meaning of the FMLA. 29 U.S.C. § 2611(2)(A).

11.     At all times material hereto, Defendant employed fifty (50) or more employees. Thus, Defendant was an "employer" within the meaning of the FMLA. 29 U.S.C. § 2611(4).

12.     Plaintiff has satisfied all conditions precedent, or they have been waived.

13.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

14.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

15.     Plaintiff began working for Defendant as a Physical Therapist Assistant in or around December 2017. She worked in this capacity until her termination in or around December 2022. Plaintiff had been satisfactorily performing her job duties prior to her termination.

16.     In or around August 2022, Plaintiff was diagnosed with appendiceal cancer and needed to undergo medically necessary treatment, including surgery and chemotherapy.

17.     Plaintiff, like many cancer patients, was substantially limited in her ability to perform major life activities. By way of example and not limitation, Plaintiff was limited in her ability to care for herself and perform manual tasks. Tasks such as eating, sleeping, walking, and thinking became increasingly difficult

given her condition and subsequent treatment. Plaintiff's condition causes a long list of symptoms including but not limited to fatigue, pain and discomfort, and psychological distress.

18.     Further, Plaintiff was substantially limited in the operation of her major bodily functions. Cancer and its treatments, especially chemotherapy, weaken the immune system, making the body more susceptible to infections and illnesses. Appendiceal cancer specifically disrupts normal cell growth in the appendix. Given the appendix is part of the digestive system, Plaintiff's bowel functions were also directly impacted.

19.     Plaintiff was a qualified individual with a disability who could perform her job with or without reasonable accommodations, affording her protection under the ADA and FCRA.

20.     Plaintiff is also protected under the ADA and FCRA because she has a record of a disability given her cancer diagnosis which has substantially limited her ability to perform major life activities.

21.     Defendant had knowledge of Plaintiff's disability and regarded Plaintiff as disabled.

22.     Plaintiff's medical condition also qualified as serious health condition within the meaning of the FMLA which entitled her to job protection during her medical leave.

23.     Plaintiff's condition involved inpatient care in a hospital and/or continuing treatment by a health care provider.

4

24.     In or around August 2022, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to undergo treatment. Specifically, Plaintiff required surgery. Plaintiff used approximately five (5) weeks of FMLA leave between on or around August 29, 2022, until on or around October 7, 2022.

25.     After Plaintiff returned to work, she needed to undergo chemotherapy approximately once per month. In or around November 2022, Plaintiff necessitated intermittent time off from work due to her appointments and/or side effects of the treatment, including but not limited to fatigue and other symptoms described above.

26.     On or around November 21, 2022, Plaintiff informed her supervisor, Nate, of her need for accommodations due to the chemotherapy and inquired about a few extra days off after her appointments so she could tend to her health. At the time of Plaintiff's request for intermittent leave, she remained eligible for additional FMLA leave.

27.     On or around November 28, 2022, Plaintiff spoke with Defendant's leave department about using intermittent FMLA leave so she could take time off for her appointments and any extra days that were necessary because of the effects of the chemotherapy.

28.     Plaintiff's request for intermittent leave was a reasonable accommodation. Despite the feasibility of Plaintiff's request, Defendant did not engage in an interactive process to discuss potential accommodations.

29.    Instead, on or around December 1, 2022, Defendant, through Nate's superior, Jeff, terminated Plaintiff's employment for a pretextual reason. By terminating Plaintiff's employment, Defendant denied Plaintiff's request for reasonable accommodations. This termination came just a few days after Plaintiff's last request for accommodations.

30.    During Plaintiff's termination, she was also informed that her accrued Paid Time Off ("PTO") would not be paid out, contrary to Defendant's usual practices. This further penalized Plaintiff unjustly, adding additional financial injury to the discriminatory and retaliatory actions she experienced.

31.    Further, at the time of her termination, Plaintiff was scheduled to undergo additional chemotherapy. The termination not only deprived Plaintiff of her employment and associated benefits but also placed her in a precarious position regarding her ongoing medical treatment and recovery.

32.    Plaintiff exercised her rights under the ADA, FCRA, and FMLA by requesting reasonable accommodations such as medical leave.

33.    Plaintiff's requested accommodations were medically necessary and would enable Plaintiff to perform the essential functions of her job.

34.    Defendant's actions disregard the mandates of the ADA and FCRA, which require employers to provide reasonable accommodations to qualified individuals with disabilities and to engage in a good faith interactive process.

35.     Defendant's actions also disregard the mandates of the FMLA, which requires employers to provide job-protected leave to employees suffering from serious health conditions.

## <u>COUNT I – ADA VIOLATION (FAILURE TO ACCOMMODATE)</u>

36.     Plaintiff realleges and readopts the allegations of Paragraphs 1-7, 9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

37.     As a qualified individual whom Defendant knew or regarded as disabled, Plaintiff is a member of a protected class under the ADA.

38.     Plaintiff was able to perform the essential functions of her job with or without accommodations.

39.     Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant. Shortly thereafter, Defendant terminated Plaintiff's employment.

40.     Defendant's actions were willful and done with malice.

41.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to relief.

*WHEREFORE* Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issues and that this Court take jurisdiction over the case;

7

c)     An injunction restraining continued violation of law enumerated herein;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained;

i)     All costs and attorneys' fees incurred in prosecuting these claims; and

j)     For such further relief as this Court deems just and equitable.

## COUNT II – ADA VIOLATION (DISPARATE TREATMENT)

42.    Plaintiff realleges and readopts the allegations of Paragraphs 1-7, 9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

43.    As a qualified individual whom Defendant knew or regarded as disabled, Plaintiff is a member of a protected class under the ADA.

44.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

45.    Defendant's practices and/or policies of failing to accommodate discriminates on the basis of disability.

8

46.     Defendant intentionally terminated Plaintiff because of her disability, and/or perceived disability, and/or because of the need to provide reasonable accommodation for her disability. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

47.     Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

48.     The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her disability.

49.     Defendant's actions were willful and done with malice.

50.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter an injunction restraining continued violation of the ADA;

d)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorneys' fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## <u>COUNT III – ADA VIOLATION (RETALIATION)</u>

51.    Plaintiff realleges and readopts the allegations of Paragraphs 1-7, 9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

52.    As a qualified individual whom Defendant knew or regarded as disabled, Plaintiff is a member of a protected class under the ADA.

53.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

54.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

55.    Defendant's actions were willful and done with malice.

10

56.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)      That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorneys' fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION (FAILURE TO ACCOMMODATE)

57.   Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 8-9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

58.   As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

59.   Plaintiff was able to perform the essential functions of her job with or without accommodations.

60.   Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant. Shortly thereafter, Defendant terminated Plaintiff's employment.

61.   Defendant's actions were willful and done with malice.

62.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

*WHEREFORE* Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issues and that this Court take jurisdiction over the case;

12

c)     An injunction restraining continued violation of law enumerated herein;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained;

i)     All costs and attorneys' fees incurred in prosecuting these claims; and

j)     For such further relief as this Court deems just and equitable.

## **COUNT V – FCRA VIOLATION (DISPARATE TREATMENT)**

63.    Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 8-9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

64.    As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

65.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability/handicap, and/or perceived disability/handicap.

66.    Defendant's practices and/or policies of failing to accommodate discriminates on the basis of disability/handicap.

67.     Defendant intentionally terminated Plaintiff because of her disability/handicap, and/or perceived disability/handicap, and/or because of the need to provide reasonable accommodation for her disability/handicap.

68.     Defendant failed or refused to engage in an interactive process regarding Plaintiff's accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

69.     The effect of the practices complained of has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her disability/handicap.

70.     Defendant's actions were willful and done with malice.

71.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter an injunction restraining continued violation of the FCRA;

d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)   Prejudgment interest on all monetary recovery obtained.

j)   All costs and attorneys' fees incurred in prosecuting these claims; and

k)   For such further relief as this Court deems just and equitable.

## <u>COUNT VI – FCRA VIOLATION (RETALIATION)</u>

72.   Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 8-9, 12-21, and 24-34 of this Complaint, as though fully set forth herein.

73.   As a qualified individual whom Defendant knew or regarded as disabled/handicap, Plaintiff is a member of a protected class under the FCRA.

74.   Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

75.   Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

76.   Defendant's actions were willful and done with malice.

15

77.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)    That this Court enter an injunction restraining continued violation of the FCRA;

e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

16

k)     All costs and attorneys' fees incurred in prosecuting these claims; and

l)     For such further relief as this Court deems just and equitable.

<u>**COUNT VII – FMLA INTERFERENCE**</u>

78.    Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 10-16, 22-32, and 35 of this Complaint, as fully set forth herein.

79.    Plaintiff required time off from work to care for herself, because she suffered from a "serious health condition" within the meaning of the FMLA, requiring leave protected under the FMLA. 29 U.S.C. § 2612(a)(1).

80.    On return from such leave, Plaintiff, as an eligible employee, was entitled to be restored to the position of employment held when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1).

81.    By terminating Plaintiff's employment while knowing she was entitled to additional FMLA leave, Defendant interfered with Plaintiff's FMLA rights. 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a).

82.    Defendant's actions were willful and done with malice because Defendant knew or should have known that the FMLA prohibited its conduct.

83.    Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)   That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b)   An injunction restraining continued violation of the FMLA by Defendant;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e)   Front pay;

f)   Liquidated damages;

g)   Prejudgment interest on all monetary recovery obtained;

h)   All costs and attorneys' fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT VIII – FMLA RETALIATION

84.   Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 10-16, 22-32, and 35 of this Complaint, as fully set forth herein.

18

85.     Plaintiff required time off from work to care for herself, because she suffered from a "serious health condition" within the meaning of the FMLA, requiring leave protected under the FMLA.  29 U.S.C. § 2612(a)(1).

86.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights. Plaintiff utilized a portion of her FMLA leave due to her cancer diagnosis. She requested further FMLA leave as her treatment progressed.

87.     Despite being eligible for additional FMLA leave, Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment. 29 U.S.C. § 2615(a).

88.     Defendant's actions were willful and done with malice because Defendant knew or should have known that the FMLA prohibited its conduct.

89.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)      That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

b)      An injunction restraining continued violation of the FMLA by Defendant;

c)      Compensation for lost wages, benefits, and other remuneration;

  d)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

  e)  Front pay;

  f)  Liquidated damages;

  g)  Prejudgment interest on all monetary recovery obtained;

  h)  All costs and attorneys' fees incurred in prosecuting these claims; and

  i)  For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of April, 2024.

Respectfully submitted,

*/s/ Amanda E. Heystek*
**AMANDA HEYSTEK**
Florida Bar No: 0285020
Direct: (813) 379-2560
**NIKOLE MILLER**
Florida Bar No: 1031826
Direct: (813) 438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main: (813) 224-0431
Facsimile: (813) 229-8712
Email: aheystek@wfclaw.com
Email: nmiller@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**