UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBBIE HERRING,

    Plaintiff,

v.                                                                                    Case No: 8:24-cv-872-JSM-AAS

SELECT REHABILITATION, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss (Dkt. 23) and Plaintiff's Response in Opposition (Dkt. 30).   The Court, having reviewed the relevant filings and being otherwise advised in the premises, concludes that the motion should be denied because Plaintiff's claims are sufficiently pled under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKROUND

Plaintiff Debbie Herring worked as a physical therapist assistant for Defendant Select Rehabilitation, LLC from December 2017, until December 2022.   She alleges that in her last year of employment (in August 2022), she was diagnosed with appendiceal cancer and needed to undergo medically necessary treatment, including surgery and chemotherapy.   The cancer and treatment limited many of her major life activities, including her ability to care for herself and perform manual tasks.   Plaintiff had difficulty

eating, sleeping, and walking, and experienced intermittent fatigue, pain, discomfort, and bowel issues.

According to the Amended Complaint, while Defendant provided her with five weeks of leave under the Family Medical Leave Act ("FMLA"), Defendant failed to accommodate Plaintiff's disability when she returned to work. Plaintiff alleges she was terminated as a result of her disability and as a result of her request for a reasonable accommodation. Her Amended Complaint includes detailed facts in support of her claims, including the timing of events and the names of the relevant supervisors in charge of Plaintiff's employment. The Amended Complaint also details how Plaintiff's cancer and treatment of same impacted her major life activities. And Plaintiff includes facts supporting her claim that Defendant viewed or regarded her as disabled and fabricated the reasons for her termination.

Plaintiff filed this action under the FMLA, the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA"). Her FMLA interference claim alleges that Defendant was aware of her need for additional FMLA, knew that Plaintiff had remaining leave, and violated the provision of the FMLA that instructs the employer (once it becomes aware of the need for the leave) to inform the employee of that option.

The ADA and FCRA claims relate to Defendant's alleged failure to accommodate Plaintiff's disability. They also include a disparate treatment claim associated with Plaintiff's termination and a retaliation claim because Plaintiff contends that she suffered an adverse employment action (i.e., her termination) after she engaged in the protective activity of requesting an accommodation.

Defendant now moves to dismiss the entirety of the Amended Complaint. Defendant's motion reads like a motion for summary judgment. While Defendant includes the appropriate Rule 12(b)(6) standard in its motion, Defendant largely ignores the standard because it disputes the facts and argues about burdens of proof and whether Plaintiff can establish her claims. These arguments may have merit later in this proceeding, but they are not appropriate now. So, the Court's discussion of the motion will be brief and will touch upon only a few of the issues. The motion is otherwise denied for the reasons stated in Plaintiff's response.

## **DISCUSSION**

As the Court has stated many times, it is axiomatic that, on a motion to dismiss, the Court must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Here, Defendant makes a factual argument about whether Plaintiff's requested accommodation—a few days off following her once per month chemotherapy treatments—was reasonable. Defendant ignores that "leaves of absence can be reasonable accommodations under the ADA." *Marrero v. Amazon.com Services LLC*, 23-20601-CIV, 2024 WL 216280, at *8 (S.D. Fla. Jan. 19, 2024) (collecting cases). Plaintiff alleges that the requested intermittent leave would have allowed her to perform the essential functions of her job. This is sufficient at this stage to *allege* the element of whether the requested accommodation was reasonable. *See also Sawinski v. Bill Currie Ford, Inc.*, 881 F. Supp. 1571, 1574–75 (M.D. Fla. 1995) (The reasonableness of a proposed accommodation is a question of fact).

Another non-starter, Defendant disputes the facts. For example, Defendant argues that Plaintiff sought and received all the FMLA she requested. Defendant omits that Plaintiff also alleged that she informed her supervisor, Lucas, of her need for time off and that "[a]t the time of Plaintiff's request for intermittent leave, she remained eligible for approximately six and a half weeks of FMLA leave." (Dkt. 21, ¶ 27). Additionally, Plaintiff alleged that she spoke with Defendant's Human Resources about her need for intermittent FMLA leave. (Dkt. 21, ¶ 29). She avers that Defendant interfered with her FMLA by not providing her with notification of her FMLA eligibility. (Dkt. 21, ¶ 30). This is sufficient to state a claim of FMLA interference.

Finally, Defendant erroneously argues that the "burden-shifting framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) will apply" and then proceeds to point out the various ways Plaintiff cannot establish that burden. Defendant's arguments are flawed for a few reasons. First, at this stage, it is unclear whether *McDonnell-Douglas* will apply to Plaintiff's discrimination claims in light of the Eleventh Circuit's departure from stringently applying the *McDonnell-Douglas* framework. Second, and more important, the issue of whether Plaintiff can meet her burden of proof is irrelevant at this pleading stage. This is because "the prima facie case should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002); *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x. 935, 937 (11th Cir. 2011) ("A complaint need not establish a prima facie case under the evidentiary framework in order to survive a motion to dismiss."). Simply put,

4

Defendant's shifting burdens arguments, which are a large section of its motion, are inappropriate at this stage.

In sum, Plaintiff adequately pled her claims under the FMLA, ADA, and FCRA. Whether she can establish these claims is for another day.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 23) is denied.

2. Defendant shall file an Answer to the Amended Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this July 22, 2024.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record